UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES C. WILLIAMS, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-cv-1700 (KAD) |
| | : | |
| HARTFORD STATE'S ATTORNEY'S | : | |
| OFFICE, et al., | : | |
|    *Defendants*. | : | October 25, 2018 |

## **INITIAL REVIEW ORDER**

On October 12, 2018, the plaintiff, Charles C. Williams, an inmate currently confined at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, brought this civil action *pro se* under 42 U.S.C. §§ 1983, 1985, and 1986 against the Hartford State's Attorney's Office, the New Britain State's Attorney's Office, the city of Hartford, the Bail Commissioner's Offices in Hartford, and New Britain, and several members of the State's Attorney's Office, the Bail Commissioner's Office, and the Hartford Police Department. Compl. (Doc. No. 1). He claims that the defendants violated his rights under the United States Constitution and various state and federal statutes by filing false sexual assault charges against him, withholding exculpatory evidence, retaliating against him, and denying him access to the courts. Each of his claims arise out of his prosecution by the state in 2013 and 2014. On October 19, 2018, Magistrate Judge William I. Garfinkel granted the plaintiff's motion to proceed *in forma pauperis*. *See* Order No. 7. For the reasons set forth below, the complaint is dismissed.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[p]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**Discussion**

The plaintiff previously sued many of the same defendants in another civil action in this Court. *See Williams v. Hartford Police Dept.*, No. 3:15-CV-933 (AWT). This court takes judicial notice of the file in that matter and notes that it has reviewed the complaint in that matter. Although the present case includes more defendants and additional claims, it is based on the same set of facts and events as his previous action. In both cases, the plaintiff alleged that the defendants arrested and prosecuted him for sexual assault based on information they knew to be false out of retaliation and in an effort to

cause him emotional distress. The Court, *Thompson, J.*, dismissed his previous action with prejudice after concluding that the plaintiff had attempted to defraud the Court by deliberately falsifying an exhibit and submitting sworn verifications in support of the false exhibit. *See id.*, Order No. 456. The plaintiff has since appealed Judge Thompson's decision, and that appeal is now pending in the Second Circuit Court of Appeals. *Williams v. Hartford Police Dept.*, No. 18-2465 (2d Cir. 2018).

The plaintiff now seeks to relitigate the same claims in a new civil action. This, he cannot do. The doctrine of *res judicata*, 'provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were **or could have been** raised in that action."'" (emphasis added.) *Faraday v. Blanchette*, 596 F. Supp. 2d 508, 514 (D. Conn. 2009) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994)). "Whether a claim that was not raised in the previous action could have been raised therein depends in part on whether the facts essential to support the second were present in the first." *Coleman v. Blanchette*, No. 3:11-CV-1632 (WIG), 2012 WL 3822022, at *5 (D. Conn. Sep. 4, 2012) (quoting *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 287 (2d Cir. 2002)). All of the claims in the instant case either were raised, or could have been raised, in the previous action. Both cases stem from the plaintiff's arrest and prosecution for sexual assault charges in 2013 and 2014.

The first case was dismissed with prejudice because the plaintiff elected to submit falsified evidence in support of his constitutional claims. He now seeks a second opportunity to relitigate those same claims and additional claims which he could have

asserted in the previous action.  The plaintiff's claims are barred by the doctrine of *res judicata*.[1]

The case is DISMISSED with prejudice.  The clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

Dated at Bridgeport, Connecticut this 25th day of October 2018.

_____/s/_____
Kari A. Dooley
United States District Judge

---

[1] The court further notes that even if the initial action remained pending in this Court, the instant case would be subject to dismissal under the prior pending action doctrine.  "The prior pending action doctrine states that, where two lawsuits in the same court include the same claims, 'the first suit [filed] should have priority.'" *Webb v. Arnone*, No. 3:17-CV-1624 (SRU), 2018 WL 3651333, at *4 (D. Conn. Aug. 1, 2018) (quoting *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991)).  "Where two pending actions address the same legal claims and conduct, the [C]ourt may dismiss the second action as long as the controlling issues in the dismissed action will be determined in the other lawsuit." *Torrez v. Department of Correction*, No. 3:17-CV-1223 (SRU), 2017 WL 3841681, at *3 (D. Conn. Sept. 1, 2017) (quoting *Edwards v. North American Power and Gas, LLC*, No. 3:14-CV-1714 (VAB), 2016 WL 3093356, at *3 (D. Conn. Jun. 1, 2016)).  The plaintiff's initial action, *Williams*, No. 3:15-CV-933, contained the same constitutional challenges to his state criminal proceedings as the instant case – e.g. the filing of false sexual assault charges, malicious prosecution, the withholding of exculpatory evidence.  Thus, even if he were able to revive the prior action following his appeal, his claims asserted herein would fail for this reason as well.