UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES C. WILLIAMS, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:18-CV-1700 (KAD) |
| | : | |
| HARTFORD STATE'S ATTORNEY'S | : | |
| OFFICE, et al., | : | |
|     *Defendants*. | : | November 21, 2018 |

**MEMORANDUM OF DECISION RE:
MOTION FOR RECONSIDERATION (ECF#15)**

**Preliminary Statement of the Case**

On October 12, 2018, the plaintiff, Charles C. Williams, an inmate currently confined at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, brought a civil action *pro se* under 42 U.S.C. §§ 1983, 1985, and 1986 against the Hartford State's Attorney's Office, the New Britain State's Attorney's Office, the city of Hartford, the Bail Commissioner's Offices in Hartford and New Britain, and several members of the State's Attorney's Office, the Bail Commissioner's Office, and the Hartford Police Department. He claimed that the defendants violated his rights under the United States Constitution and various state and federal statutes by filing false sexual assault charges against him, withholding exculpatory evidence, retaliating against him, and denying him access to the courts, based on their treatment of him during his state criminal proceedings in 2013 and 2014.

On October 25, 2018, this Court dismissed his complaint with prejudice, holding that the doctrine of *res judicata* barred his claims because the plaintiff previously filed a nearly identical civil action in *Williams v. Hartford Police Dept.*, No. 3:15-CV-933

(AWT). Although some of the defendants in the initial case were different than the defendants named herein,[1] the claims in both cases stemmed from the investigation and prosecution of his criminal case in 2013 and 2014. The Court, *Thompson, J.*, dismissed the initial action with prejudice after finding that the plaintiff had defrauded the Court by doctoring an exhibit in support of his opposition to a summary judgment motion. *See id.*, Ruling on Mot. for Sanction of Dismissal (ECF#456). The plaintiff has since appealed Judge Thompson's ruling, to the Second Circuit Court of Appeals. *Williams v. Hartford Police Dept.*, No. 18-2465 (2d Cir. 2018). On November 15, 2018, the plaintiff filed the instant "Motion for Reconsideration" of the Court's order dismissing the complaint. For the following reasons, the motion for reconsideration is DENIED.

**Standard of Review**

"A motion for reconsideration is committed to the sound discretion of the court." *Kregos v. Latest Line, Inc.*, 951 F. Supp. 24, 26 (D.Conn. 1996). In general, the three grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other

---

[1] The fact that the two cases were brought against different defendants is insufficient to preclude application of the *res judicata* doctrine. *See McCarroll v. U.S. Federal Bureau of Prisons*, No. 3:11-CV-934 (VLB), 2012 WL 3940346, at *8 (D. Conn. Sept. 10, 2012) (party cannot avoid *res judicata* effect on prior judgment by bringing suit against new defendant in privity with original defendant). All of the defendants listed in this case were allegedly involved in the investigation and prosecution of the plaintiff's criminal case in 2013 and 2014 as were the defendants in the initial action, and some defendants are named in both cases. Thus, the difference in some of the parties listed in both cases does not preclude the *res judicata* effect on the instant case.

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Rd. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000). The movant may also be entitled to reconsideration if he can show that the court overlooked material facts. *U.S. v. Marte*, No. 3:08-CR-00004 (JCH), 2015 WL 851843, at *1 (D. Conn. Feb. 26, 2015) (citing *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000)). These strict requirements apply equally to *pro se* litigants. *Sonberg v. Niagara County Jail,* No. 08-cv-364 (JTC), 2013 WL 2468691, at *3 (W.D.N.Y. June 7, 2013).

**Discussion**

Among other reasons, the plaintiff argues that the *res judicata* doctrine does not bar the instant case because this case is based on new facts which only came to light while his first case was pending before Judge Thompson. Specifically, he argues that he did not discover the exculpatory evidence that the defendants allegedly withheld during his criminal proceedings until after the defendants filed a motion for summary judgment in the first civil action. He contends that he could not have raised this claim in his first civil action because he was obligated to respond to the summary judgment motion and the defendants' contention that he had fraudulently doctored evidence. These are the purported "material facts" overlooked by the court. The Court disagrees.

The initial action filed by the plaintiff against many of the same defendants in this case raised claims of malicious prosecution, false arrest, obstruction of justice,

3

defamation, and libel against individuals involved in the investigation and prosecution of his criminal case. *See Williams v. Hartford Police Dept.*, No. 3:15-CV-933 (AWT), Initial Review Order (ECF#8) at 1. That case was pending for over three years. Even if the court accepts as true that the plaintiff did not discover the defendants' alleged action of withholding exculpatory evidence from his criminal case until after he filed his first civil suit, nothing prevented him from seeking leave in that case to amend his complaint, extend discovery, and/or extend his deadline to respond to the defendants' summary judgment motion in order to incorporate the newly discovered claim. Rather than properly investigate these issues as part of his existing litigation, the plaintiff countered the defendants' summary judgment motion with a fraudulent exhibit for which Judge Thompson sanctioned him by dismissing his case. He now seeks to evade that sanction by bringing his claims anew.

The plaintiff's arguments are without merit. The motion for reconsideration of the order dismissing his complaint is therefore DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 21st day of November 2018.

_____/s/_____
Kari A. Dooley
United States District Judge